773 A.2d 691

IN THE MATTER OF THOMAS J. FORKIN,
AN ATTORNEY AT LAW.

June 25, 2001.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 00–081 concluding that **THOMAS J. FORKIN** of **NORTHFIELD**, who was admitted to the bar of this State in 1995, and who was suspended from the practice of law for a period of one year by Order of the Court filed April 27, 2001, effective May 29, 2001, and who remains suspended at this time, should be suspended from the practice of law for a period of three months for violating *RPC* 1.15(b) (failure to promptly notify a client or third person of the receipt of funds and promptly deliver the funds to the person entitled to receive them), *RPC* 1.15(d) (recordkeeping violations), *RPC* 8.1(a) (false statement of material fact in connection with a disciplinary matter) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having determined that prior to reinstatement to practice, respondent should be required

to provide proof of his fitness to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics and that on reinstatement respondent should practice under the supervision of a practicing attorney for the period of two years;

And good cause appearing;

It is ORDERED that **THOMAS J. FORKIN** is suspended from the practice of law for a period of three months concurrent to the one-year period of suspension imposed in DRB 99–392 and DRB 99–335 by Order filed April 27, 2001, effective May 29, 2001 and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.